(No. 2517— )

GRAYSLAKE GELATINE COMPANY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1935.*

MOSES, KENNEDY, STEIN & BACHRACH, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

It appears from the stipulation of facts herein that claimant is an Illinois corporation; that on January 23, 1934, it filed its annual report in the office of the Secretary of State, in which report the outstanding capital stock of the corporation was set forth at $320,000.00; that on May 15, 1934 the Secretary of State assessed a franchise tax on said capital stock for the year commencing July 1, 1934, according to law, in the amount of $160.00; that on June 26, 1934 the claimant paid the amount so assessed against it; that thereafter and prior to July 1, 1934, claimant reduced its capital stock from $320,000.00 to $160,000.00; and that the correct amount of the franchise tax on a capital stock of $160,000.00 is $80.00.

Claimant filed its complaint herein on October 16, 1934, and seeks to recover the sum of $80.00 which it claims to have paid in excess of the amount which it was legally required to pay on its decreased capital stock as aforesaid.

The provisions of Section 132 of The Business Corporation Act of this State, in force July 13, 1933, relative to the basis for the annual franchise tax of domestic corporations are as follows:

"The basis for the annual franchise tax payable by a domestic corporation shall be the amount represented in this State, determined in accordance with the provisions of this Section, of the sum of its stated capital and paid-in surplus on the thirty-first day of December of the preceding calendar year as disclosed by its last annual report, or, in case no annual report has been filed, as disclosed by any other report or document filed by it with the Secretary of State."

However, such paragraph was modified by an amendment approved and in force May 8, 1934, and now provides as follows:

"The basis for the annual franchise tax payable by a domestic corporation shall be the amount represented in this State, determined in accordance with the provisions of this Section, of the sum of its stated capital and paid-in surplus on the thirty-first day of December of the preceding calendar year, minus the amount by which the sum of the stated capital and paid-in surplus may have been reduced after the thirty-first day of December of the preceding calendar year and prior to the twenty-fifth day of June of the current calendar year, as disclosed by any report or document filed by it with the Secretary of State."

Inasmuch as claimant's capital stock was not reduced until after the 25th day of June, A. D. 1934, the franchise tax in question was properly based upon "the sum of its stated capital and paid-in surplus on the 31st day of December of the preceding calendar year", to-wit, $320,000.00.

Claimant therefore paid the amount which it was legally required to pay.

Award must therefore be denied.

Award denied. Case dismissed.